

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 FEB -8  P 4: 25

LORETTA G. WHYTE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SMART ID CARDS, INC. | * | CIVIL ACTION |
| | * | |
| Plaintiff, | * | NO. 00-0169 |
| | * | |
| VERSUS | * | SECTION "K" |
| | * | |
| RiNG SYSTEMS, INC. | * | MAGISTRATE 3 |
| | * | |
| Defendant, | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Court enters the following Protective Order:

**IT IS HEREBY ORDERED THAT:**

1.    This Protective Order shall govern the use of all information or documents (including without limitation all confidential material heretofore produced in this litigation) including all copies, excerpts and summaries thereof, revealed or produced during the course of discovery in these proceedings by any person, whether in response to a document request, interrogatory, request to admit, subpoena, or in an oral or written deposition or otherwise

**FEB 11 2000**

DATE OF ENTRY

Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc. No. _____

(hereinafter referred to as "discovery materials").  This Protective Order shall also govern all documents and other discovery materials produced during discovery by any non-parties, but only where a non-party requests the protections provided by this Protective Order, and designates such materials as confidential as provided herein.

2.    In providing discovery materials, any person providing such materials may designate as confidential the whole or any part of any discovery materials that contain actual or proposed confidential or sensitive information or trade secrets not in the public domain that may be subject to protection under Rule 26 of the Federal Rules of Civil Procedure.  Any party designating information as confidential represents that it has done so in good faith, that the matters designated are truly confidential matters, and that no more information or documents have been designated confidential than is necessary to protect the legitimate needs of the parties so designating.  No provision of this Order shall affect the right of any party to seek, or object to disclosure of, discovery materials in any other proceeding.

3.    Documents a party determines to designate as confidential shall be stamped or legibly marked "CONFIDENTIAL."  Any document containing such notice, and the information contained in such document, shall be considered confidential unless the party producing it clearly indicates that only a portion of that document is to be treated as confidential.    If the title of discovery materials or the identity of an actual or prospective customer or other person or entity is confidential, or the very existence of such materials is deemed confidential, the person providing the discovery materials shall so indicate in writing and such matters shall be treated as confidential by all parties.

4.    The designation of information as confidential may be made (a) at the time the information is furnished in discovery; (b) by written notice to all parties within ten (10) days

- 2 -

after receipt of any information that has been disclosed or produced without designation as confidential information; or (c) with respect to deposition testimony, by noting on the record at the time of such testimony or by written notice within ten (10) days after receipt of transcript by the party designating the information as confidential. Until and unless specifically designated, the information may be treated as not being confidential.

5.    If any party objects to the designation of any document or information as confidential, it shall state the objection by letter to counsel for the party making the designation. If the parties are unable amicably to resolve the objection, the party objecting to the designation, within sixty (60) days after sending the letter, may move the Court for an adjudication of whether the disputed materials are confidential. If no motion is filed within sixty (60) days, the disputed discovery materials will remain subject to the Protective Order. All disputed discovery materials shall be treated as confidential within the terms of this Protective Order unless and until otherwise ordered by the Court.

6.    All discovery materials furnished by any person, and designated as confidential pursuant to this Protective Order, shall be made available to and used by the parties solely for the purposes of this action and any proceeding related to it, and for no other purpose.

7.    Except as provided herein or as the Court otherwise may expressly direct, confidential discovery materials may be disclosed only to the following persons:

(a)    to the parties (including their employees) to this litigation and their respective attorneys actively engaged in this litigation, and to paralegals, paralegal assistants, office clerks and secretaries working under the supervision of any of them;

(b)     to bona fide outside experts, retained for consultation or for testimony in this litigation, to the extent such disclosure is necessary for reports, settlement negotiations, hearings, depositions, trial and/or appeal;

(c)     to fact witnesses who may be deposed or may testify in this or related proceedings, but only to the extent such disclosure is necessary for effective testimony; and,

(d)     to court reporters, court personnel, or anyone given permission by the party designating the information or document as confidential.

8.     Counsel shall take all appropriate steps to ensure that persons described in paragraph 7(a) are apprised of and agree to comply with the terms of this Protective Order and the requirements herein as to confidentiality. Prior to disclosure of any confidential materials to any person described in paragraph 7(b) or 7(c), counsel for the party seeking to disclose the confidential material shall first provide such person with a copy of this Protective Order, and shall cause him or her to execute, on a second copy, the acknowledgment set forth in Exhibit A attached hereto. Counsel for the party seeking to disclose the confidential material shall maintain the original acknowledgment of such person during the pendency of this action. Any such acknowledgment shall be made available for inspection by counsel for any other party upon a showing of good cause.

9.     In the event counsel for the party who received confidential discovery materials believes it is necessary that such materials be disclosed to a person or entity other than those to whom disclosure is authorized as set forth in paragraph 7 of this Protective Order, that counsel must inform the designating party's counsel in writing of the specific material proposed to be disclosed, the identity of such person or entity , and the reason for disclosure, ten (10) business days before such disclosure to any such person or entity. If the designating party's counsel does

- 4 -

not consent to the proposed disclosure, the party seeking to disclose the confidential discovery materials may, within thirty (30) days after sending the letter, apply to the Court for an appropriate modification of this Protective Order, specifying the particular confidential material proposed to be disclosed, the person or entity to whom the party proposes to disclose the material, and the reasons why such disclosure is necessary.  Such application may be granted, in whole or in part, and upon such conditions as the Court deems appropriate, only upon a showing of good cause made by the party seeking disclosure.  If no motion is filed within thirty (30) days, the confidential discovery materials will remain subject to this Protective Order.  All materials shall continue to be treated as confidential within the terms of this Order unless and until otherwise ordered by the Court.

(a)    Prior to disclosure of any confidential materials to any person or entity described in this paragraph 9, counsel for the party seeking to disclose the confidential material shall first provide such person with a copy of this Protective Order, and shall cause him or her to execute, on a second copy, the acknowledgment set forth in Exhibit A attached hereto.  Counsel for the party seeking to disclose confidential material shall maintain the original acknowledgment of such person during the pendency of this action.  Any such acknowledgment shall be made available for inspection by counsel for any other party upon a showing of good cause.

10.    If confidential discovery materials are filed with the Court or referred to in pleadings filed in connection with a motion or otherwise, such items shall be filed under seal, or submitted *in camera*, or otherwise adequately protected to prevent disclosure to persons or entities not covered by this Protective Order.

- 5 -

11.    Any confidential discovery materials which are designated by any party to be introduced at trial or a hearing may be offered into evidence in open court unless the person who produced or originally generated such material obtains an appropriate Protective Order from the Court. The person who produced or originally generated such material must be given five (5) days' notice and a sufficient opportunity to seek such an appropriate protective order. If such material was produced or originally generated by a party to this litigation, designation of the confidential discovery materials in a pre-trial order in a manner that clearly provides notice that such material may or will be introduced at trial or a hearing shall be sufficient notice.

12.    This Protective Order shall not limit a party in the use of its own information or documents, including those designated by that party as confidential.

13.    The provisions of this Protective Order with respect to confidential discovery materials shall not apply to documents, materials or information which were, are, or become part of the public domain through lawful means, nor shall they apply to documents, materials or information in the possession, custody, or control of the parties that the parties or their counsel lawfully received from sources other than those described in paragraph 1 above.

14.    Upon final and complete termination of this litigation all copies of all confidential discovery materials shall be either returned to the producing party or destroyed. Within six (6) months of such termination, counsel for each party that has received confidential discovery materials shall certify in writing to the producing party that all copies and abstracts of such materials (including any copies that have been given to outside experts or other persons or entities) have been returned or destroyed.

15.    Nothing contained in this Protective Order, nor any action taken in compliance with it, shall (a) operate as an admission by any party that any particular document, material or

- 6 -

information is, or is not, either confidential or admissible in evidence in this action; or (b) prejudice in any way the right of any party to seek, by way of consent of all parties or by application to the Court (i) to have information not covered by this Protective Order treated as confidential within the meaning of this Protective Order; (ii) additional protection for specific documents, materials or information; or (iii) relief from the provisions of this Protective Order with respect to specific items or categories of documents, materials or information.

16.     The United States District Court the Eastern District of Louisiana shall retain jurisdiction to resolve all disputes relating to this Protective Order and to enforce this Protective Order at all times.

17.     The provisions of this Protective Order shall be binding upon all parties, including those parties added to this suit subsequent to the entry of this Protective Order.

18.     The provisions of this Protective Order shall survive and remain in full force and effect after this action has concluded.

New Orleans, Louisiana, this 10th day of February, 2000.

_____
UNITED STATES DISTRICT JUDGE

- 7 -

Agreed to and stipulated by:

_____     Date: ___2/8/00_____

Steven W. Usdin, 12986
Paul J. Masinter, 18324
Christopher A. Colvin, 25374
     Of
STONE, PIGMAN, WALTHER,
     WITTMANN & HUTCHINSON, L.L.P.
546 Carondelet Street
New Orleans, Louisiana 70130-3588
Telephone: (504) 581-3200

Attorneys for RiNG Systems, Inc.


_____     Date: ___2/8/00_____

Michael G. Gaffney, 5868
     Of
HURNDON & GAFFNEY
631 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 581-3301

Attorneys for Smart ID Cards, Inc.,
George Hebert and Smart Card
Solutions, Inc.

514102/1

## AGREEMENT TO STIPULATED PROTECTIVE ORDER

I have received a copy of and have read the Protective Order of the United States District Court, Eastern District of Louisiana, issued in the action entitled Infusion Resources, Inc., et al. v. Minimed, Inc.  I understand that I am being given access to confidential discovery materials pursuant to the Protective Order and I agree to be bound by its terms with respect to the handling of such confidential discovery materials.  I also consent to the exercise of personal jurisdiction by the above-referenced Court with respect to this Agreement and the Protective Order.

_____
(Signature)

_____
(Date)

_____
(Print Name)

_____
(Street Address)

_____
(City)      (State)    (Zip Code)

514102/1